State *v.* Stevens.

———————◆———————

STATE *versus* THOMAS M. STEVENS.

R. S., c. 132, § 7, does not require warrants issued by judges of police courts to be made returnable before any justice of the peace within the county.

The jury are not judges of the law in criminal cases.

They are bound by the instructions of the presiding Judge in matters of law, to the same extent in criminal as in civil suits.

ON MOTION AND EXCEPTIONS.

WALTON, J. — This is a prosecution under the Act of 1858, for the suppression of drinking houses and tippling shops.   The warrant was issued by the judge of the police court of the city of Gardiner, and was made returnable before said court.   It is contended in defence that the warrant was void, because it was not made returnable before "any justice of the peace in the county; and the Rev. Stat. c. 132, § 7, is relied on in support of the objection.   The statute referred to provides that "warrants issued by justices of the peace shall be made returnable before any justice of the peace in the county."   But there is no law providing that warrants issued by judges of police courts shall be made returnable before any justice of the peace in the county; and we think there is neither reason nor authority for so construing the statute as to make it embrace warrants issued by judges of police courts.   The motion in arrest of judgment founded on this objection was rightly overruled.

The presiding Judge (RICE) instructed the jury that they

had nothing to do with the constitutionality of the statute on which the prosecution was based; and on request refused to instruct the jury that they were judges of the law, as well as the facts, in the case.

The jury are not judges of the law in criminal cases. They are bound by the instructions of the presiding Judge in matters of law, to the same extent in criminal as in civil suits. See *State* v. *Wright,* where the subject is fully considered. *Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.

*Carleton,* for the respondent.